**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADELA ESPINOZA GARCIA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-1314<br><br>Agency No.<br>A212-960-023<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2025**

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Adela Espinoza Garcia, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C.

§ 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Espinoza Garcia failed to show she was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Because Espinoza Garcia failed to show any nexus to a protected ground, she also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

Thus, Espinoza Garcia's asylum and withholding of removal claims fail.

Espinoza Garcia does not challenge the BIA's determination that she waived review of the IJ's denial of CAT protection, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The agency properly denied Espinoza Garcia's application for cancellation of removal because she no longer had a qualifying relative when the IJ adjudicated the application. *See* 8 U.S.C. § 1229b(b)(1)(D); *see also Mendez-Garcia v. Lynch*,

840 F.3d 655, 664 (9th Cir. 2016) (agency did not err in considering whether applicant had a qualifying relative as of the time of the decision).

Espinoza Garcia's claim that the IJ violated due process by delaying the issuance of her decision fails for lack of prejudice. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *see also Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) ("[P]rejudice . . . means that the outcome of the proceeding may have been affected by the alleged violation.").

In light of this disposition, we need not reach Espinoza Garcia's remaining contentions regarding the merits of her claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**